WILLIAM F. HEATH *et al.*

*v.*

GEORGE W. HYDE.

1. BANKRUPTCY—*placita not necessary to decree.* A decree of the United States District Court, under the Bankrupt act of 1841, declaring a person a bankrupt and appointing an assignee, is not void for want of a *placita* or convening order of the court, and it is error to exclude the same as evidence for the want of such order, formal entries being dispensed with by that act.

2. SAME—*assignee's deed.* It is not required that a complete transcript of the record and files shall be given in evidence to support the deed of an assignee in bankruptcy. A certified copy of the order decreeing bankruptcy and

appointing the assignee is sufficient, under the act of Congress. All such deeds, reciting the decree in bankruptcy and the assignees' appointment, supported by a certified copy of such decree, are made full and complete evidence both of the bankruptcy and the assignment, and supersede the necessity of any other proof to validate such deeds.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

This was a bill in chancery, brought by John I. Heath, in his lifetime, against George W. Hyde, to remove a cloud from the title of a lot in the city of Joliet, growing out of a tax deed. The opinion states all the facts necessary to an understanding of the points decided.

Mr. EDMUND S. HOLBROOK, for the appellants.

Mr. GEORGE S. HOUSE, for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

When this case was before us at a former term, an intimation was thrown out that the record of the decree of the District Court of the United States, declaring James B. Campbell a bankrupt and appointing William C. Bostwick his assignee, was defective, because it contained no *placita* or convening order of the court. This, however, was but an intimation. The specific objection had not been urged in the court below, and it was, therefore, improper for us to consider it here—and this is all that was decided on that point. But this specific objection was urged upon the last trial in the court below, and the question it presents is now, for the first time, properly before us for determination.

On looking into the Bankrupt act of 1841, we find that it is provided in section 6, "that the district court in every district shall have jurisdiction in all matters and proceedings in bankruptcy arising under this act, * * * the said jurisdiction to be exercised summarily, in the nature of summary

proceedings in equity. * * *" And in section 13: "That the proceedings in all cases in bankruptcy shall be deemed matters of record; but the same shall not be required to be recorded at large, but shall be carefully filed, kept and numbered in the office of the court, and a docket only, or short memorandum thereof, with the numbers, kept in a book by the clerk of the court." And in section 15: "That a copy of any decree of bankruptcy and the appointment of assignees, as directed by the third section of this act, shall be recited in every deed of lands belonging to the bankrupt, sold and conveyed by any assignees under and by virtue of this act; and that such recital, together with a certified copy of such order, shall be full and complete evidence both of the bankruptcy and assignment therein recited, and supersede the necessity of any other proof of such bankruptcy and assignment to validate the said deed; and all deeds containing such recital, and supported by such proof, shall be as effectual to pass the title of the bankrupt of, in and to the lands therein mentioned and described to the purchaser, as fully, to all intents and purposes, as if made by such bankrupt himself, immediately before such order." Sec. 5, U. S. Statutes at large, pp. 445–448.

The deed of the assignee, here offered in evidence, recites a copy of the decree of bankruptcy and appointment of the assignee, and the objection is, only, that there is no *placita* or convening order in the certified copy of the order offered in evidence. It will be observed that no formal and complete record was required to be entered upon the books of the clerk, but this, on the contrary, was expressly dispensed with, and it is not required that a complete transcript of the records and files shall be given in evidence to support the deed, but a certified copy of the *order* decreeing bankruptcy and appointing an assignee, is sufficient.

The order offered in evidence is certified by the clerk of the district court as "a true and correct copy from the record of bankrupt decrees in the District Court of the United States for the district of Illinois, of the decree of date Oct. 3, 1842,

declaring James B. Campbell a bankrupt, and appointing Wm. C. Bostwick assignee of the same, and also of the rule in bankruptcy, number fifty-one, as prescribed by said court, as the same remain of record in my office."

The statute makes the certificate of the clerk evidence of the genuineness of the order—that it is the order of the court which he certifies it to be—and hence renders a *placita* unnecessary.

This certificate, in our opinion, sufficiently meets the requirements of the statute, and we must therefore hold, the ruling below, excluding the certified copy of the order, was error, for which the decree must be reversed and the cause remanded.

*Decree reversed.*